**United States District Court**
**Eastern District of Texas**
**Sherman Division**

| | |
|---|---|
| BRIAN WHITESIDE AND AUTOFICIO, LLC, <br><br> *Plaintiffs* <br><br> v. <br><br> JOSEPH PEREZ, ALVIN ALLEN, AND PAUL BARRETT, <br><br> *Defendants* | CASE NO. 4:21-CV-00873 <br><br> **JURY TRIAL DEMANDED** |

### Plaintiffs' Original Complaint

Plaintiffs Brian Whiteside and Autoficio, LLC file this Original Complaint against Defendant Joseph Perez for breach of fiduciary duty and Defendants Alvin Allen and Paul Barrett for aiding and abetting Perez's breaches.

### PARTIES

1.    Plaintiff Whiteside is an individual domiciled in Bellevue, King County, Washington. Whiteside is a citizen of Washington.

2.    Plaintiff Autoficio is a limited liability company organized and existing under the laws of the State of Washington, with its principal place of business in Bellevue, King County, Washington. Whiteside is and has always been Autoficio's sole member and manager. Autoficio is a citizen of Washington.

3.    Defendant Perez is an individual domiciled in Sonoma County, California. Perez is a citizen of California. He may be served with process at 945 Ripley Street, Santa Rosa, California 95401, or wherever he may be found.

4.    Defendant Allen is an individual domiciled in Liberty County, Texas. Allen is a citizen of Texas. He may be served with process at 1343 County Road 2005, Liberty, Texas 77575, or wherever he may be found.

5.    Defendant Barrett is an individual domiciled in Plymouth County, Massachusetts. Barrett is a citizen of Massachusetts. He may be served with process at 14 Michael Ave., Scituate, Massachusetts 02066 or wherever he may be found.

## JURISDICTION AND VENUE

6.    The Court has jurisdiction over the subject matter of this dispute under 28 USC § 1332(a) at least because the parties are completely diverse and the amount in controversy includes damages greater than $75,000.

7.    Venue is proper in this District under 28 USC § 1391(b)(2) and (3).

## FACTUAL BACKGROUND

8.    Whiteside was introduced to Perez in connection with an investment Whiteside ultimately made in a company that paid Perez and gave Perez a potential equity interest in that company. After this investment and Whiteside's initial dealings with Perez, who was in the technology sector of the auto industry, Perez solicited Whiteside to invest in a Teas entity named Cimble Corporation.

9.    Perez told Whiteside Cimble was a data analytics technology company in the auto industry that processed information accumulated and relayed through computer chips in automobiles. Perez described Cimble to Whiteside as a company working on technology to create predictive analytics based on information in an automobile's computer.

10.    Whiteside, not having any specialized technical knowledge in the auto industry, computer chips, or otherwise in Cimble's claimed area of operations, relied on Perez for technical knowledge in this area in informing his investment decisions.

11.    Based on his initial conversations with Perez, Whiteside became interested in partnering with Cimble in the development and use of Cimble's claimed technology in a device Defendants wanted to market. Whiteside joined Perez in discussions with Cimble, including its representatives and shareholders Allen and Barrett, aimed at providing Whiteside and Perez access to Cimble's technology.

12.    The discussions evolved into negotiations for Whiteside to purchase an interest in Cimble, which took place over several months. Throughout the negotiation process, Perez tricked Whiteside into believing they were aligned, and Whiteside could trust Perez with his confidences.

13.    Perez facilitated Whiteside's negotiations with Cimble, including Allen and Barrett, and even accompanied Whiteside to in-person meetings with Cimble to discuss the investment. Perez also began to introduce Whiteside to other investment ventures during this time.

14.    During the investigation into and negotiation of an investment in Cimble, Perez encouraged Whiteside to invest in Cimble through an existing California LLC Perez held a membership interest in, Kapexia, LLC. Whiteside agreed to use Kapexia for this purpose at Perez's advice.

15.    Perez also implored Whiteside to structure the investment as a purchase of Cimble stock rather than some other form of investment like a technology license. Whiteside agreed to the stock purchase plan Perez solicited.

16.    Perez had significant involvement and communications with Cimble, including Allen and Barrett, relating to the Cimble-Kapexia Agreement funded entirely by Whiteside, individually and through his entity, Autoficio.

17.    Whiteside communicated with Perez confidentially throughout the negotiation process, including regarding negotiation strategy with Cimble, the valuation and share price of Cimble, the amount of money Whiteside was willing to invest in Cimble and for what percentage of shares, whether an investment in Cimble was wise, the potential risk on return from an investment in Cimble, the terms and structure of the acquisition, and the ultimate investment agreement. Whiteside also shared confidential documents and communications with Perez related to the investment in Cimble.

18.    Throughout the negotiation process, however, and without Whiteside's knowledge or approval, Perez was sharing these communications, documents, strategies, and negotiation positions with Allen, Barrett, and Cimble to ensure the deal went through for his own financial gain.

19.    Allen and Barrett knew of Perez's relationship with Whiteside and encouraged Perez to feed them this confidential information that they used to their advantage in negotiations.

20.     Ultimately, Perez's clandestine acts—aided and encouraged by Allen and Barrett—caused Whiteside, individually and through his entity, Autoficio, to invest over $400,000 in Cimble through a stock purchase agreement and other investment vehicles.

## CAUSES OF ACTION

### Count 1:  Breach of Fiduciary Duty (Perez)

21.     Plaintiffs incorporate the preceding paragraphs by reference.

22.     Plaintiffs had a fiduciary relationship with Perez. Perez had a standing relationship with Whiteside that involved multiple investments, including the Cimble investment. Perez voluntarily accepted or assumed to accept the confidence of Whiteside and provided Whiteside with specialized technical knowledge—something Whiteside lacked. Perez occupied a position of a high degree of trust, influence, and confidence with Plaintiffs, including based on Perez's knowledge and skill of technical aspects of the technology underlying the Cimble investment. Indeed, Perez operated as an investment advisor to Plaintiffs. And given Whiteside was to become a member of Kapexia with Perez, Perez's fiduciary obligations to minority members were triggered by the close relationship between Whiteside and Kapexia. Alternatively, Perez and Plaintiffs formed a joint venture.

23.     Perez ostensibly acted on Plaintiffs' behalf for purposes of the Cimble investment.

24.     Perez breached his fiduciary duties to Plaintiffs by transmitting Plaintiffs' confidential information to Cimble, including Allen and Barrett, so Cimble could negotiate against Plaintiffs. Allen and Barrett used Plaintiffs' information siphoned to them via Perez to their benefit. Consequently, Perez failed to act as a reasonably careful fiduciary would have acted under the same or similar circumstances.

25.     Perez breached his duty of loyalty and utmost good faith to Plaintiffs.

26.     Perez breached his duty of candor to Plaintiffs.

27.     Perez breached his duty to act with integrity of the strictest kind to Plaintiffs.

28.     Perez breached his duty of fair, honest dealing to Plaintiffs.

29.     Perez breached his duty of full disclosure.

30.     Perez's breach of fiduciary duties injured Plaintiffs by causing Plaintiffs to invest in Cimble money they otherwise would not have invested.

31.     Perez's conduct was a substantial factor in proximately causing Plaintiffs' harm.

32.     Plaintiffs seek damages within the jurisdictional limits of this Court.

**Count 2:  Aiding and Abetting (Allen and Barrett)**

33.     Plaintiffs incorporate the preceding paragraphs by reference.

34.     Perez owed fiduciary duties to Plaintiffs that he breached and for which he is liable for damages.

35.     Allen and Barrett knew of and substantially assisted and encouraged Perez in connection with his breaches of his fiduciary duties owed to Whiteside.

36.     Allen and Barrett intended for the breaches to occur and were a substantial factor in causing them.

37.     Whiteside was injured as a result.

38.     Plaintiffs seek damages within the jurisdictional limits of this Court.

## DEMAND FOR JURY TRIAL

39.     Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

For the reasons detailed above, Plaintiffs' respectfully request judgment against Defendants for the following:

(a)     Actual damages;

(b)     Costs, including costs of court;

(c)     Pre-judgment and post-judgment interest at the highest rate(s) allowed by law; and

(d)     Such other and further relief, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

November 1, 2021                          Respectfully submitted,

                                         **Griffith Barbee PLLC**

                                         */s/ Casey Griffith*
                                         _____

                                         Casey Griffith
                                         Texas Bar No. 24036687
                                         Casey.Griffith@griffithbarbee.com

                                         Michael Barbee
                                         Texas Bar No. 24082656
                                         Michael.Barbee@griffithbarbee.com

                                         Maeghan Whitehead
                                         Texas Bar No. 24075270
                                         Maeghan.Whitehead@griffithbarbee.com

                                         Dallas Flick
                                         Texas Bar No. 24104675
                                         Dallas.Flick@griffithbarbee.com

                                         One Arts Plaza
                                         1722 Routh St., Ste. 710
                                         Dallas, Texas 75201
                                         (214) 446-6020 | main
                                         (214) 446-6021 | fax

                                         **Counsel for Plaintiffs**